| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

Case No.    **CV 16-1173-JFW (AGRx)**                                          Date:  March 16, 2016

Title:       Gary Dempster, et al. -v- Wilmington Savings Fund Society, FSB et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                                                        None

**PROCEEDINGS (IN CHAMBERS):**      ORDER DISMISSING RICO CLAIM; and

                                   ORDER DISMISSING ACTION

   On March 3, 2016, the Court issued an Order directing Plaintiffs Gary Dempster and Sandie Dempster (collectively, "Plaintiffs") to file a "RICO Case Statement."  Plaintiffs have failed to file a RICO Case Statement, or any response to the Court's March 3, 2016 Order.  Accordingly, Plaintiffs' second cause of action for civil RICO is hereby **DISMISSED with prejudice**.

   In light of the Court having dismissed the only federal claim alleged in Plaintiffs' Complaint, subject matter jurisdiction in this case is based solely on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.

   Plaintiffs have failed to adequately allege the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  Although Plaintiffs allege in their Complaint that Defendant Wilmington Savings Fund Society, FSB "is a foreign corporation organized under the laws of Florida" (Complaint, ¶ 10) and that Defendant Statebridge Company "is a foreign business corporation organized under the laws of the State of Colorado" (Complaint, ¶ 13), Plaintiffs fail to allege the principal place of business of either of these defendants.

   Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action **without prejudice** for lack of subject matter jurisdiction.

IT IS SO ORDERED.